## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In Re:

|  |
|---|
|  |

Case No. 1:17-bk-16949

VANESSA COLLEEN ALAMBAR

Chapter 13

Debtor(s)

Honorable A. Benjamin Goldgar

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 8, 2018 at 9:30 a.m., the undersigned will appear before the Honorable A. Benjamin Goldgar at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Courtroom 642, Chicago, Illinois 60604 and will then and there present **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** a copy of which is hereby served upon you.

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Vanessa Colleen Alambar*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

In Re:

| | |
|---|---|
| | Case No. 1:17-bk-16949 |

VANESSA COLLEEN ALAMBAR

Chapter 13

Debtor(s)

Honorable A. Benjamin Goldgar

## DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY

VANESSA COLLEEN ALAMBAR ("Alambar"), by and through her attorneys, SULAIMAN LAW GROUP, LTD., pursuant to 11 U.S.C. § 362(k), moves for the imposition of sanctions against SHAPIRO KREISMAN & ASSOCIATES, LLC ("SK") and WELLS FARGO BANK, N.A. ("Wells Fargo") for the willful violation of the automatic stay, and in support thereof, states as follows:

### FACTUAL ALLEGATIONS

1. On May 8, 2009, Alambar executed a mortgage in favor of Wells Fargo to secure a note in the amount of $90,272.00 ("Mortgage") to finance the purchase of the property located at 3653 West 57th Street, Chicago, Illinois 60629 ("Property"). The Property served as Alambar's principal residence.

2. On March 1, 2016, Alambar suffered financial hardship; and consequently, defaulted on the Mortgage.

3. On July 19, 2016, Wells Fargo, through SK, filed a complaint to foreclose mortgage on the Property.

4.      On March 1, 2017, the trial court granted *inter alia* Wells Fargo's motion for entry of judgment of foreclosure and sale.

5.      On June 1, 2017, Alambar initiated a bankruptcy case by filing a voluntary petition for relief under Chapter 13 of the Bankruptcy Code to save the Property from foreclosure.

6.      The bankruptcy schedules filed by Alambar listed SK and Wells Fargo on Schedule D: Creditors Who Have Claims Secured by Property.

7.      Notice by first class mail was sent to SK and Wells Fargo by the Bankruptcy Noticing Center on June 4, 2017 [Dkt. No. 9].

8.      On February 12, 2018, Wells Fargo, through McCalla Raymer Pierce, LLC ("MRP") filed a Motion for Relief from Stay alleging a $3,027.32 default [Dkt. No. 29].

9.      On February 20, 2018, this Court granted Wells Fargo's Motion for Relief from Stay, allowing mortgage foreclosure proceedings to continue [Dkt. No. 30].

10.     On March 6, 2018, Alambar filed a Motion to Vacate this Court's February 20, 2018 Order Granting Relief from Stay [Dkt. No. 31].

11.     Notice of Alambar's Motion was sent to MRP (by CM/ECF) and Wells Fargo (by first class mail) by Counsel for Alambar on March 6, 2018.  [Dkt. No. 31].

12.     On March 20, 2018, this Court granted Alambar's Motion to Vacate this Court's February 20, 2018 Order [Dkt. No. 33].

13.     Wells Fargo, appearing through coverage attorney, Amy Aronson ("Aronson"), did not object to Alambar's Motion.

14.     Counsel for Alambar tendered Alambar's full cure (as well as Alambar's March, 2018 payment) to Aronson to be forwarded to Wells Fargo.

15. On March 26, 2018, Alambar received written correspondence providing: "We received your payment of $3,796.31, but the payment was less than the amount needed to reinstate your account.  We're returning your check to you."  Enclosed was Alambar's cashier's check for $3,796.31.

16. On March 29, 2018, Alambar went to Wells Fargo, located at 11000 31st Street, Westchester, Illinois 60154 to deliver payment.

17. Alambar tendered payment to an unknown Wells Fargo branch employee, whom upon speaking with Wells Fargo's foreclosure department, returned Alambar's payment – citing this Court's February 20, 2018 Order Granting Relief from Stay as well as a scheduled judicial sale of the Property.

18. Alambar begged Wells Fargo's branch employee to accept payment, informing them February 20, 2018 Order Granting Relief from Stay was vacated on March 20, 2018.

19. Furthermore, Alambar presented Wells Fargo's branch employee with copies of this Court's March 20, 2018 Order.

20. Wells Fargo declined to accept Alambar's payment – advising they must do so unless counsel advises them otherwise.

21. On April 2, 2018, Alambar mailed a cashier's check for $3,796.31 to Wells Fargo hoping to stop the judicial sale of the Property.

22. On April 9, 2018, Alambar received written correspondence from Wells Fargo requesting that Alambar contact them immediately.

23. On April 11, 2018, Alambar phoned Wells Fargo and was reminded that judicial sale of the Property was set for April 17, 2018.  Further Alambar was informed Wells Fargo

received payment of $3,796.31 on April 6, 2018, but the payment was less than the amount needed to reinstate your account, and Wells Fargo was returning Alambar's payment.

24.   *Again*, Alambar informed Wells Fargo's representative that the February 20, 2018 Order was vacated on March 20, 2018.

25.   Wells Fargo's representative purportedly attempted to contact counsel's office to confirm; however, was unsuccessful.

26.   On April 12, 2018, Alambar received written correspondence providing: "We received your payment of $3,796.31, but the payment was less than the amount needed to reinstate your account.  We're returning your check to you."  Enclosed was Alambar's cashier's check for $3,796.31.

27.   On April 17, 2018, judicial sale of the Property occurred.  The Property was sold to a third party for $132,000.00.

28.   On April 18, 2018, Mike D'Ambrose ("D'Ambrose"), an agent/employee of the third party purchaser, came to the Property to determine vacancy.

29.   Alambar's children and mother were home as D'Ambrose circled the Property – notwithstanding, D'Ambrose posted "Notice" on Alambar's door:



30.    SK and Wells Fargo's actions have caused Alambar to experience concern and worries

wholly separate from the unease Alambar felt about the bankruptcy.

31.    SK and Wells Fargo's actions have caused actual harm including, aggravation; anxiety;

emotional distress; invasion of privacy; intrusion upon seclusion; and mental anguish.

## LAW

32.    Section 362 of the Bankruptcy Code provides:

   (a) Except as provided in subsection (b) of this section, a petition filed under 301,
       302, or 303 of this title … operates as a stay, applicable of all entities, of –

      (1) the commencement or continuation … of a judicial, administrative, or
          other action or proceeding against the debtor that was or could have
          been commenced before the commencement of the case under this title,
          or to recover a claim against the debtor that arose before the
          commencement of the case under this title;

      (3) any act to obtain possession of property of the estate or of property from
          the estate or to exercise control over property of the estate; and

      (6) any act to collect, assess, or recover a claim against the debtor that arose
          before the commencement of the case under this title.

   (k) An individual injured by any willful violation of a stay provided by this section
       shall recover actual damages, including costs and attorneys' fees, and, in
       appropriate circumstances, may recover punitive damages.  11 U.S.C. § 362.

## ARGUMENT

33.    The purpose of the automatic stay is to give the debtor "a breathing spell from his creditors.

It stops all collection efforts, all harassment, and all foreclosure actions.  It permits the

debtor to attempt a repayment or reorganization plan, or simply to be relieved of the

financial pressure that drove him into bankruptcy." *In re Achterberg*, 573 B.R. 819, 835

(Bankr. E.D. Cal. 2017), (quoting H. Rept. No. 95-595 to accompany H.R. 8200, 95th

Cong., 1st Sess. (1977) pp. 340-344.

34. The automatic stay is a self-executing provision of the Bankruptcy Code and begins to operate nationwide, without notice, once a debtor files a petition for relief. *In re Wilson*, 536 B.R. 218, 221-22 (Bankr. N.D. Ill. 2015) (quoting *In re A.H. Robins Co., Inc.*, 63 B.R. 986, 988 (Bankr. E.D.Va. 1986).

35. Once a bankruptcy petition is filed, and the automatic stay goes into effect, the debtor has the burden of providing the creditor with actual notice of the bankruptcy.

36. Once notice is provided, the burden shifts to the creditor to prevent violations of the automatic stay. *In re Galmore*, 390 B.R. 901 (Bankr. N.D. Ind. 2008).

37. Once the creditor learns or has notice of a bankruptcy case having been filed, any actions that it intentionally undertakes are deemed willful.

38. In this case, the automatic stay became effective on June 1, 2017, the date Alambar filed her bankruptcy petition.

39. SK and Wells Fargo received actual notice of Alambar's bankruptcy petition on June 4, 2017 through the Bankruptcy Noticing Center.

40. The judicial sale violated the automatic stay because it continued a judicial proceeding against the debtor after the automatic stay became effective pursuant to 11 U.S.C. § 362(a).

41. As the Seventh Circuit Court of Appeals explained in *In re Price*: "[A]s for willfulness, there is no requirement that the creditor act with the intent to violate the stay; acting with knowledge of the bankruptcy and the stay is all that is necessary." *In re Price*, 42 F.3d 1068, 1071 (7th Cir. 1994).

42. SK and Wells Fargo's willful violation is grounded in their failure to cancel the judicial sale after multiple reminders that the bankruptcy and automatic stay were in place.

43.    It is well-established in case law that acts taken in violation of the automatic stay imposed

under section 362(a) of the Bankruptcy Code are deemed void ab initio and lack effect.  *In

re Enyedi*, 371 B.R. 327, 334 (Bankr. N.D. Ill. 2007).  *See Middle Tenn. News Co., Inc., v.

Charnel of Cincinnati, Inc*., 250 F.3d 1077, 1082 (7th Cir. 2001).

WHEREFORE, Alambar respectfully requests this Court enter an order:

1.    declaring the April 17, 2018 judicial sale void *ab initio*;

2.    finding SK and Wells Fargo in willful violation of the automatic stay;

3.    imposing sanctions against SK and Wells Fargo in form of actual damages
including costs and attorneys' fees, and punitive damages;

4.    granting such other relief as this Court deems just and proper.

Dated: April 19, 2018                                    Respectfully submitted,

**VANESSA COLLEEN ALAMBAR**

By: */s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue, Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Vanessa Colleen Alambar*

## CERTIFICATE OF SERVICE

I, Joseph Scott Davidson, an attorney, hereby certify that on April 19, 2018, the foregoing **DEBTOR'S MOTION FOR THE IMPOSITION OF SANCTIONS FOR THE WILLFUL VIOLATION OF THE AUTOMATIC STAY** was filed with the Clerk of the Court of the United States Bankruptcy Court for the Northern District of Illinois by using the CM/ECF system.  I have mailed the foregoing document by United States Postal Service Certified Mail, postage prepaid to:

Dana N. O'Brien
McCalla Raymer Leibert Pierce, LLC
1 North Dearborn Street, Suite 1200
Chicago, Illinois 60611

Kinnera Bhoopal
McCalla Raymer Liebert Pierce, LLC
1 North Dearborn Street, Suite 1200
Chicago, Illinois 606011

Shapiro Kreisman & Associates, LLC
2121 Waukegan Road
Suite 301
Bannockburn, Illinois 60015

Wells Fargo Bank, N.A.
MAC#D3347-01
3476 Stateview Boulevard
Fort Mill, South Carolina 29715

Timothy J. Sloan
Wells Fargo & Company
420 Montgomery Street
San Francisco, California 94104

Wells Fargo Bank, N.A.
MAC#X7801-014
3476 Stateview Boulevard
Fort Mill, South Carolina 29715

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
SULAIMAN LAW GROUP, LTD.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Vanessa Colleen Alambar*